

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MIGUEL CRUZ,

                       Plaintiff,

- against -

JONATHAN REINER, et al.,

                       Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 2131 (BMC) (SMG)

**COGAN,** District Judge.

      Plaintiff pled guilty in state court to a drug sale charge and a drug conspiracy charge and was sentenced to an indeterminate sentence of 8 to 14 years. He brings this action pursuant to 42 U.S.C. § 1983 against police officers and prosecutors challenging various aspects of his arrest, interrogation and prosecution. Specifically, he asserts claims for false imprisonment, malicious prosecution, abuse of process, delay of process,[1] and a violation of his Miranda rights, and alleges that defendants subjected him to unconstitutional conditions of confinement after his arrest by: (1) making him sleep handcuffed to the bottom of a chair in the prosecutor's office for 4-5 days without food or water; (2) denying him access to the bathroom; and (3) threatening the arrest of his stepdaughter if he did not confess. Plaintiff alleges that the combined effect of these conditions caused him to make statements to defendants and eventually plead guilty. He seeks $25 million in damages, but notes that he is willing to accept much less if his sentence is reduced.

---

[1] The Court interprets this allegation as a claim for a violation of plaintiff's Fourth Amendment right to a prompt judicial determination of probable cause after plaintiff's arrest.

Defendants have moved for summary judgment prior to discovery on the grounds that plaintiff's claims are not actionable or are disproven by documentary evidence. Defendants have submitted a waiver of timely arraignment rights under New York's Criminal Procedure Law and a proffer agreement, both signed by plaintiff and his attorney the day after his arrest, a "complaint follow-up informational" noting that plaintiff refused food on several occasions during his debriefing, and a certificate of disposition stating that defendant was convicted by guilty plea on March 11, 2011. Plaintiff filed a verified amended complaint shortly after defendants' motion, which essentially repeats the allegations in his original complaint but lists additional claims for relief and describes the involvement of certain defendants. Additionally, plaintiff has submitted opposition that provides no additional substance beyond the allegations in his complaints. Defendants have since moved to strike plaintiff's amended complaint on the grounds that the proposed amendment is futile and would cause undue prejudice and delay.

Defendants' motion for summary judgment is granted in part, denied in part, and deferred pending further submissions Plaintiff is given twenty-one days to submit an additional sworn statement, as described below.

## **DISCUSSION**

As an initial matter, plaintiff is granted leave to file his amended complaint as to certain claims and defendants described below. Defendants' motion to strike is similarly granted in part and denied in part. Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts will typically grant leave to amend a *pro se* plaintiff's complaint, provided that such amendment would not be futile, and would not cause undue prejudice or delay. See Fulton v. Goord, 591 F.3d 37, 45 (2d Cir. 2009); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Here, some

of plaintiff's proposed amended complaint is not futile as it provides further clarification to the claims he is asserting, and names additional defendants that are allegedly liable for those causes of action. Accordingly, the Court will consider plaintiff's amended complaint when evaluating the instant motion.

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted only where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id. When ruling on a motion for summary judgment, a court "'may not make credibility determinations or weigh the evidence' and 'must draw all reasonable inferences in favor of the nonmoving party.'" Ideal Steel Supply Corp. v. Anza, 652 F.3d 310, 326 (2d Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097 (2000)).

In evaluating defendants' motion, I am also mindful that courts must construe *pro se* pleadings broadly and interpret them "'to raise the strongest arguments that they suggest.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). *Pro se* status does not, however, "relieve [a non-movant] of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003) (citation and internal quotation marks omitted). Included among those requirements is that a plaintiff cannot rely on conclusory statements to defeat summary judgment. See Gottlieb v. Cnty. of Orange, 84 F.3d 511, 518 (2d

3

Cir. 1996). Rather, the plaintiff "must offer some hard evidence that its version of the events is not wholly fanciful." D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998).

I. **Claims for false imprisonment, malicious prosecution, abuse of process, delay of process, failure to give Miranda warnings, and all claims challenging plaintiff's conviction**

Plaintiff alleges that the circumstances surrounding his arrest, interrogation and prosecution establish defendants' liability for false imprisonment, malicious prosecution, abuse of process, delay of process, and failure to give Miranda warnings. Defendants' motion for summary judgment is granted as to each of these claims.

First, plaintiff is barred from asserting any claim for which a lack of probable cause for plaintiff's arrest is an element, or for which the existence of probable cause is an absolute defense, as success in such claims "would necessarily demonstrate the invalidity" of plaintiff's criminal conviction. See Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242 (2005); Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364 (1994). Defendants have submitted undisputed evidence that plaintiff pled guilty and was convicted on drug sale and drug conspiracy charges, which establishes that there was probable cause for plaintiff's arrest. See Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986). Probable cause is an absolute defense to claims for malicious prosecution and false imprisonment. See id.; Rivera v. City of Yonkers, 470 F. Supp. 2d 402, 407-08 (S.D.N.Y. 2007). Further, a cause of action for malicious prosecution may not be maintained where, as here, plaintiff's prosecution did not conclude in his favor. See Hygh v. Jacobs, 961 F.2d 359, 367 (2d Cir. 1992). Finally, numerous courts have recognized that probable cause defeats a claim for abuse of process by demonstrating that a defendant acted with

"excuse or justification."[2] See, e.g., Abreu v. Romero, No. 08 Civ. 10129, 2010 U.S. Dist. LEXIS 120188, at *25 (S.D.N.Y. Nov. 9, 2010); Pierre v. City of N.Y., No. 05-CV-5018, 2007 U.S. Dist. LEXIS 60707, at *40-41 (E.D.N.Y. Aug. 17, 2007). Accordingly, to bring such claims under § 1983, plaintiff must first have his conviction overturned, which the Court notes plaintiff is currently pursuing in state court. See Jean-Laurent v. Hennessy, No. 05-CV-1155, 2008 U.S. Dist. LEXIS 59478, at *23-27 (E.D.N.Y. Aug. 1, 2008) (granting summary judgment on claims for abuse of process, malicious prosecution and false arrest under Heck); Younger v. City of N.Y., 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007); Rivera, 470 F. Supp. 2d at 408. Plaintiff's claims for false imprisonment, malicious prosecution, and abuse of process are therefore dismissed, with leave to recommence in the event plaintiff's conviction is invalidated or otherwise called into question by a federal court's issuance of a writ of habeas corpus.[3] See Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999).

Plaintiff is precluded from asserting a claim for delay of process as a result of his guilty plea as well. The Fourth Amendment requires a prompt judicial determination of probable cause after a warrantless arrest. See Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 56, 111 S. Ct. 1661 (1991); Gerstein v. Pugh, 420 U.S. 103, 125, 95 S. Ct. 854 (1975). The Supreme Court has designated 48 hours as the "presumptive outside limit for confinement" prior to a probable cause determination, see Mclaughlin, 500 U.S. at 56, which occurs at arraignment in New York State.

---

[2] Notably, plaintiff has not alleged facts sufficient to meet any of the elements of an abuse of process claim, which requires that a defendant: (1) employed regularly issued legal process to compel performance or non-performance of an act; (2) with intent to do harm without excuse or justification; (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. See Savino v. City of N.Y., 331 F.3d 63, 76 (2d Cir. 2003).

[3] I decline to construe plaintiff's complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because, as previously noted, plaintiff is currently challenging his conviction in state court. Thus, I would dismiss such a petition without prejudice, as plaintiff has not exhausted available state judicial remedies. See 28 U.S.C. § 2254(b)(1); Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003); Montalvo v. Mantello, 233 F. Supp. 2d 554, 562 (S.D.N.Y. 2002).

See Bryant v. City of N.Y., 404 F.3d 128, 138 (2d Cir. 2005). The record suggests that plaintiff was arrested without a warrant and that he did not receive a probable cause determination for approximately three days.

Nevertheless, plaintiff may not maintain a claim for delay of process. The purpose of providing a detainee with a prompt determination of probable cause is to prevent "prolonged detention based on incorrect or unfounded suspicion." McLaughlin, 500 U.S. at 52. However, as previously noted, plaintiff was convicted of two drug charges by way of guilty plea, which not only establishes probable cause for plaintiff's arrest, see Cameron, 806 F.2d at 387, but also the constitutionality of his arrest. See United States v. Gregg, 463 F.3d 160, 166 (2d Cir. 2006); Roundtree v. N.Y., 778 F. Supp. 614, 620 (E.D.N.Y. 1991). Thus, plaintiff was not deprived of a constitutional right by not being arraigned for three days, and he must first successfully challenge his criminal conviction before he may assert a Fourth Amendment claim for delay of process.[4]

Additionally, plaintiff may not assert a claim for defendants' failure to give him Miranda warnings, as "the remedy for a violation of the right against self-incrimination is 'the exclusion from evidence of any ensuing self-incriminating statements' and 'not a § 1983 action.'" Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 346 (2d Cir. 1998) (quoting Neighbour v. Covert, 68 F.3d 1508, 1510 (2d Cir. 1995)). Thus, even if defendants questioned plaintiff without first reading him his Miranda rights, plaintiff does not have a legally cognizable cause of action. See Neighbour, 68 F.3d at 1511.

Finally, to the extent plaintiff asserts that his conditions of confinement during his interrogation or any other constitutional violation caused plaintiff to plead guilty involuntarily,

---

[4] Defendants have submitted plaintiff's signed waivers of both his right to timely arraignment and all rights under Articles 30 and 180 of New York Criminal Procedure Law, the validity of which plaintiff does not contest. However, these waivers do not address plaintiff's constitutional right to a probable cause determination.

such claims are also improper in the instant action. The law is well-settled that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson, 544 U.S. at 78 (quoting Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 (1973)). Plaintiff must first seek available state relief and, if unsuccessful, petition a federal court for a writ of habeas corpus. He may not move this Court to invalidate his conviction or reduce his sentence at this time.

## II. Damages claim for unconstitutional conditions of confinement

Plaintiff's complaint may also be understood to assert a claim for damages based on his conditions of confinement that is independent of his eventual conviction, and thus not barred by Heck and its progeny. The Second Circuit has emphasized that a § 1983 suit may be maintained when a plaintiff's success will "at most, increase[] the likelihood that a plaintiff will eventually be able to overturn a still-outstanding conviction, but which does not go so far as to necessarily demonstrate the conviction's invalidity." McKithen v. Brown, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis in original) (citing Nelson v. Campbell, 541 U.S. 637, 647, 124 S. Ct. 2117 (2004) ("[W]e were careful in Heck to stress the importance of the term 'necessarily.'")). In the instant case, plaintiff's allegations of mistreatment during his interrogation call into question whether he made statements to detectives and prosecutors voluntarily in February 2010; however, they do not necessarily invalidate his plea of guilty over one year later.

For similar reasons, plaintiff's claim is not barred by the doctrine of collateral estoppel. A party is collaterally estopped from relitigating an issue in a second proceeding only when the identical issue was necessarily decided in a prior proceeding and is decisive in the current proceeding, and the litigant had a full and fair opportunity to litigate the issue in the prior proceeding. See Gregg, 463 F.3d at 166 n.1; Cameron, 806 F.2d at 384-85. As previously

7

discussed, the constitutionality of plaintiff's conditions of confinement during his interrogation was not necessarily resolved by his guilty plea, and therefore is not precluded here. Stated otherwise, unconstitutional conditions of confinement do not necessarily result in a coerced confession. Accordingly, plaintiff may pursue damages for his conditions of confinement under § 1983.

An overarching consideration when evaluating a claim for unconstitutional conditions of confinement for a pre-trail detainee is whether the challenged conditions amount to "punishment" without due process of law. See Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979); Benjamin v. Fraser, 343 F.3d 35, 50 (2d Cir. 2003); Lareau v. Manson, 651 F.2d 96, 102 (2d Cir. 1981). Allegations that defendants have denied a detainee access to basic human needs such as food or shelter are evaluated under the deliberate indifference standard, see Benjamin, 343 F.3d at 50, which requires a plaintiff to establish both that his conditions fell below the "minimal civilized measure of life's necessities," and that defendants knew of and disregarded an excessive risk to the detainees health or safety. See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) (noting that claims for deliberate indifference to the health or safety of a detainee are analyzed the same under the Eighth and Fourteenth Amendments); Solomon v. Nassau Cnty., 759 F. Supp. 2d 251, 257-58 (E.D.N.Y. 2011); Martin v. Cnty. of Nassau, 692 F. Supp. 2d 282, 295 (E.D.N.Y. 2010); see also Phelps v. Kapnolas, 308 F.3d 180, 185-86 (2d Cir. 2002) (analyzing conditions of confinement under the Eighth Amendment); Williams v. Carbello, 666 F. Supp. 2d 373, 378-79 (S.D.N.Y. 2009) (same).

Plaintiff alleges in his verified amended complaint that he was locked in a room in the Kings County District Attorneys' Office for 4-5 days, during which time defendants denied him food, water and access to the bathroom. Defendants have countered these allegations by

8

submitting documentary evidence showing that plaintiff refused to accept food on several occasions, and that plaintiff was represented by counsel as of the day after his arrest. These documents undoubtedly call into question the veracity of plaintiff's assertions. However, they do not explicitly address plaintiff's allegation that he was denied water or access to the bathroom, nor do they conclusively establish that plaintiff was offered food. The Court is not permitted to make credibility determinations or evaluate the likelihood of competing stories. See Ideal Steel, 652 F. 3d at 326. Instead, the Court must construe the evidence in the light most favorable to plaintiff, and determine whether the evidence is sufficient for a rational jury to find in plaintiff's favor. See id.; Anderson, 477 U.S. at 248-49. Plaintiff has alleged sufficient facts to meet this burden and withstand summary judgment.

Several courts have recognized that denying a detainee food and water for multiple days may constitute an unconstitutional condition of confinement, and this Court agrees. See, e.g., Simmons v. Kelly, No. 06 Civ. 6183, 2009 U.S. Dist. LEXIS 29115, at *18-20 (S.D.N.Y. Mar. 31, 2009); Hodge v. Ruperto, 739 F. Supp. 873, 876 (S.D.N.Y. 1990). Further, while the denial of access to a bathroom for several hours likely does not amount to a serious deprivation of human needs, see, e.g., Jones v. Marshall, No. 08 Civ. 0562, 2010 U.S. Dist. LEXIS 3608, at *9-10 (S.D.N.Y. Jan. 19, 2010), plaintiffs allegation that he was unable to use the bathroom for several days, if accepted, almost certainly does. See Trammel v. Keane, 338 F.3d 155, 165 (2d Cir. 2002) (noting that deprivation of toiletries can rise to unconstitutional conditions, and citing a Third Circuit decision denying summary judgment based in part on denial of a urinal for twenty-nine hours) (citing Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992)); Deblasio v. Rock, No. 9:09-CV-1077, 2010 U.S. Dist. LEXIS 143794, at *48-49 (N.D.N.Y. Sep. 26, 2010) (alleged denial of bathroom access for five hours despite plaintiff's complaints sufficient to

survive summary judgment). Thus, a rational jury could conclude that plaintiff's conditions of confinement fell below the minimal civilized measure of life's necessities.

Plaintiff has also alleged sufficient facts for a rational jury to find that defendants Parks, Reiner, and Joblove acted with deliberate indifference. Plaintiff implicitly alleges that these defendants knew of and disregarded his conditions of confinement by stating that he was held without food, water, or access to the bathroom in the District Attorney's Office, and that Parks, Reiner, and Joblove (all Assistant District Attorneys) were present. He further states that they "went on and never spoke about the conditions they kept me in." Plaintiff has therefore created a an issue of fact as to whether Parks, Reiner, and Joblove are liable for plaintiff's conditions of confinement, and summary judgment is denied as to these defendants.

### III. Claims against Christopher Cooke, Lawrence O., the "skinny tall detective," and the "Spanish bald detective"

A prerequisite to liability under § 1983 is the personal involvement of each individual defendant in the alleged constitutional violation. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). Plaintiff has failed to submit sufficient evidence for a rationale jury to conclude that Christopher Cooke, Lawrence O., the "skinny tall detective", and the "Spanish bald detective" are liable for plaintiff's surviving claim for unconstitutional conditions of confinement. Plaintiff is given twenty-one days to submit a sworn statement that specifically describes the involvement of each of these defendants, taking into account the deficiencies in plaintiff's current allegations as discussed below.

First, plaintiff does not make any factual allegations against Christopher Cooke in either of his complaints or his opposition.

10

Second, plaintiff does not allege Lawrence O.'s involvement in any of the conduct underlying his conditions of confinement. Instead, plaintiff refers to defendant O. solely in his original complaint, where plaintiff responds to a form question regarding whether he exhausted administrative remedies by stating that his "last lawyer said he told supervising A.D.A. Lawrence O. and he did nothing about it neither." This vague allegation does not adequately specify when plaintiff's attorney spoke with defendant O. or what he told him. Further, the fact that plaintiff identifies his attorney as a "he", while plaintiff was represented by a female attorney during his interrogation, suggests that defendant O. was not informed about any alleged constitutional violation until after it concluded. Thus, the Court is unable to determine whether defendant O. was personally involved in plaintiff's allegedly unconstitutional conditions of confinement.

Third, plaintiff's only allegations against the "skinny tall detective" and the "Spanish bald detective" are in the caption of plaintiff's amended complaint, where he names "the skinny tall detective who made the threats," and the "Spanish bald detective who would handcuff me to the bottom of the chair." Reading these allegations in conjunction with the two complaints, plaintiff likely is alleging that the "skinny tall detective" threatened to arrest his stepdaughter if he did not make a statement. However, "[t]he law is clear that verbal harassment or even threats alone are not actionable under 42 U.S.C. § 1983." Cotz v. Mastroeni, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007); see also Webster v. City of N.Y., 333 F. Supp. 2d 184, 201 (S.D.N.Y. 2004); Monterio v. Crusie, 153 F. Supp. 2d 368, 376 (S.D.N.Y. 2001); Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998); Harris v. Lord, 957 F. Supp. 471, 475 (S.D.N.Y. 1997). Plaintiff has therefore failed to submit sufficient evidence against the "skinny tall detective."

Regarding the "Spanish bald detective," plaintiff asserts that he was the individual responsible for handcuffing plaintiff to a chair, presumably so that he could sleep on the floor each night. This allegation is best understood as a claim for a violation of plaintiff's Fourteenth Amendment right to be free from punishment without due process of law. See Benjamin, 343 F.3d at 50; Lareau, 651 F.2d at 102. However, "[b]ecause restraint is always necessary in effectuating confinement, not every uncomfortable or disabling condition and restriction can be considered punitive." Benjamin, 343 F.3d at 50. As plaintiff has failed to submit evidence suggesting that this defendant had "an express intent to punish," the determination of whether plaintiff's due process rights were violated "turn[s] on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation" to this alternative purpose. See Webster, 333 F. Supp. 2d at 200 (quoting Bell, 441 U.S. at 538).

Defendants undoubtedly have an interest in maintaining security within the Kings County District Attorneys' Office, and they could not have been expected to leave plaintiff unrestrained overnight while he was engaging in proffer sessions. Handcuffing defendant to a chair to accomplish that goal does not constitute punishment in violation of plaintiff's due process rights as a matter of law. See Bell, 441 U.S. at 540 (noting that restraints reasonably related to security do not amount to a constitutional violation even if they are discomforting); Webster, 333 F. Supp. 2d at 200; see also Sulkowska v. City of N.Y., 129 F. Supp. 2d 274, 292 (S.D.N.Y. 2001) (denying excessive force claim based on painful handcuffing). Accordingly, plaintiff has failed to alleged sufficient facts for a rational jury to find the "Spanish bald detective" liable for plaintiff's allegedly unconstitutional conditions of confinement.

# CONCLUSION

Summary judgment is granted as to plaintiff's claims for false imprisonment, malicious prosecution, abuse of process, delay of process, and any claims by which plaintiff is challenging his guilty plea and conviction, without prejudice to recommence if plaintiff succeeds in having his conviction overturned. Summary judgment is also granted as to plaintiff's claim for a violation of his Miranda rights. Summary judgment is denied as to plaintiff's damages claim for unconstitutional conditions of confinement.

Plaintiff is given twenty-one days to provide a sworn statement describing the personal involvement of defendants Christopher Cooke, Lawrence O., the "skinny tall detective," and the "Spanish bald detective" with regard to plaintiff's conditions of confinement. Defendants may submit a reply addressing the sufficiency of plaintiff's allegations within fourteen days of plaintiff's submission.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
December 12, 2011