FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 20 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MIGUEL CRUZ,

                        Plaintiff,

- against -

JONATHAN REINER, et al.,

                        Defendants.
------------------------------------------------------------ X

**MEMORANDUM**
**DECISION AND ORDER**

11 Civ. 2131 (BMC)(SMG)

**COGAN**, District Judge.

By Order dated December 12, 2011, I granted in part and denied in part defendants' motion for summary judgment. This included dismissal of plaintiff's false imprisonment claim. I gave plaintiff twenty-one days to provide a sworn statement describing the personal involvement of defendants Christopher Cooke, "Lawrence O.," the "skinny tall detective," and the "Spanish bald detective" in plaintiff's conditions of confinement at the King's County District Attorneys' Office. On December 27, 2011, plaintiff submitted an affidavit, which, in addition to addressing the involvement of the four defendants as I had requested, also seeks reconsideration of my Order granting defendants summary judgment on plaintiff's claim for false imprisonment. Defendants oppose plaintiff's motion for reconsideration, and contend that plaintiff's affidavit is insufficient as to the personal involvement of the individual defendants named above.

Plaintiff's motion for reconsideration on his false imprisonment claim is DENIED as plaintiff has offered no adequate basis for reconsideration.

Plaintiff's allegations against defendants Cook, the "skinny tall detective," and the "Spanish bald detective" present a factual issue as to whether these defendants were deliberately indifferent to plaintiff's conditions of confinement. Defendants' motion for summary judgment is therefore DENIED as to these defendants. However, defendants' motion for summary judgment is GRANTED as to Lawrence O., as plaintiff has failed to submit sufficient evidence of Lawrence O.'s personal involvement in plaintiff's allegedly unconstitutional conditions of confinement.

As explained in the Court's December 12, 2011 Order, plaintiff was represented by attorney Julie Clarke at the time of his detention at the Kings County District Attorney's Office. Because plaintiff's only allegation against Lawrence O. was that plaintiff's male attorney had "told supervising A.D.A. Lawrence O. and he did nothing about it neither," the Court held that plaintiff had not adequately specified when defendant Lawrence O. became aware of the conditions in which plaintiff was detained. Further, the Court noted that plaintiff's assertion that a male attorney, rather than Julie Clarke, spoke with Lawrence O. suggested that Lawrence O. was not informed about the alleged constitutional violation until after it had concluded. Thus, there was insufficient evidence for a rational jury to conclude that he was personally involved, as required for an action under § 1983. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).

Plaintiff's description of Lawrence O.'s involvement in his affidavit does not cure this deficiency. Plaintiff reasserts that his male attorney spoke with Lawrence O., providing the additional detail that the attorney was Jeff Charbrowe. However, plaintiff again fails to put forth any evidence that would allow a rational jury to conclude that Lawrence O. knew of and disregarded plaintiff's conditions of confinement. See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d

2

Cir. 2009). Moreover, plaintiff states that when Charbrowe asked Lawrence O. if he knew of the conditions, Lawrence O. responded that he did not. Thus, plaintiff's affidavit has failed to provide sufficient evidence of the personal involvement of Lawrence O. in plaintiff's allegedly unconstitutional conditions of confinement, and defendants' motion for summary judgment is granted as to that defendant.

The Clerk of the Court is instructed to terminate defendant Lawrence O. from this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
January 18, 2012