UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIGUEL CRUZ,

                        Plaintiff,

    -against-

                                                            ORDER
                                                              11-CV-2131 (BMC)

JONATHAN REINER, et al.,

                       Defendants.
------------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

      Plaintiff Miguel Cruz, proceeding *pro se*, moves for reconsideration of two rulings by the undersigned: the denial of his motion to compel certain materials relating to his criminal conviction in discovery and the denial of his motion for court appointment of counsel. *See* Docket Entry 93 at 1-2 (calling for the Court to examine certain cases to "see why pro-se plaintiff . . . has requested such document[s] . . . from defendants . . . as [the] dated arrest warrant, [and] accusatory instrument" and "to reconsider as well granting pro-se plaintiff with legal representation").

      A party moving for reconsideration must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not, however, "be used as a vehicle to advance new theories or adduce new evidence in response to the court's rulings." *Chin v. U.S. Postal Service*, 2009 WL 3174144, at *1 (E.D.N.Y. Oct. 1, 2009) (internal quotations and citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied." *Shrader*, 70 F.3d at 257. Moreover, a motion to reconsider should be denied "where the moving party seeks

solely to relitigate an issue already decided." *Id.*

In June 2012, plaintiff filed a motion to compel production of certain documents related to his criminal case, such as information available under N.Y. CRIM. PROC. § 700.70 (regarding production of eavesdropping warrants and applications to criminal defendants). *See* Docket Entry 86 at 1. He also requested "forms [he] signed by threats" during his interrogation. *Id.* I denied this motion in an oral ruling made during a conference on July 6, 2012 because of the inapplicability of the state criminal procedure law to this federal civil proceeding and because the Honorable Brian M. Cogan had previously granted summary judgment to defendants on plaintiff's claims regarding his conviction, as well as his claims of false imprisonment and malicious prosecution.[1] *See* Docket Entry 32. Judge Cogan also subsequently denied plaintiff's motion for reconsideration of the summary judgment ruling as to certain of his claims. Docket Entry 40.

I deny plaintiff's motion for reconsideration of my ruling denying his motion to compel because he has not "point[ed] to controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257. The cases that plaintiff has presented in his letter all concern issues related to the validity of a conviction, such as the use of wiretap evidence, when an accusatory instrument must be filed, and when a confession may be made without an attorney. Because plaintiff's claims challenging his conviction were dismissed on summary judgment, these cases are irrelevant and do not provide a reason to reconsider my earlier ruling.

Plaintiff also seeks reconsideration of my ruling denying his motion for appointment of counsel. In November 2011, I denied plaintiff's motion in light of the strength of many of defendants' arguments in their then-pending motion to dismiss or for summary judgment. *See*

---

[1] Defendants made a pre-motion conference application in anticipation of moving to dismiss, or, in the alternative, for summary judgment. *See* Docket Entry 16. Judge Cogan waived the conference and treated this application as defendants' motion for summary judgment. *See* Docket Entry 17.

2

Docket Entry 25 at 2. I did, however, deny the motion without prejudice to renewal should plaintiff's claims survive dismissal. *Id.* at 3. One of plaintiff's claims was not dismissed: his challenge to the conditions of his confinement. *See* Docket Entry 32. I therefore construe plaintiff's letter to be a renewal of his motion for appointment of counsel, rather than a motion for reconsideration.

Title 28, Section 1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel." A litigant seeking counsel must meet two threshold requirements: 1) financial hardship and 2) a legal claim or defense "'likely to be of substance,'" or that has "'some chance of success.'" *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)). If a litigant meets these threshold requirements, a court must also consider the following additional factors before determining whether appointment of counsel is warranted:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 60-61.

As noted in my previous order on this subject, Mr. Cruz clearly meets the financial hardship requirement as an incarcerated person who has been granted *in forma pauperis* status. I now find that plaintiff meets the second requirement of the statute as well. The claims in this case have been significantly narrowed following the adjudication of defendants' summary judgment motion. Judge Cogan found that plaintiff's allegations as to his treatment while detained at the Kings County District Attorney's Office raised issues of fact about whether those conditions were constitutional. He noted that the defendants and plaintiff proffered "competing

3

stories" as to plaintiff's treatment that could not be resolved on summary judgment. *See* Docket Entry 32 at 8-9. Given that Mr. Cruz's remaining claim was not amenable to summary judgment and is dependent upon additional discovery, I find that it has "some chance of success." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d at 204 (internal citation omitted).

Additionally, the City's position that Mr. Cruz is unable, as an indigent, *pro se* litigant, to take depositions and thus develop the facts of the case, *see* Docket Entry 91, suggests that plaintiff will find it extremely difficult to investigate crucial facts. Moreover, inasmuch as plaintiff's remaining claim has survived summary judgment, it would appear that this claim is likely to proceed to trial. An unrepresented and incarcerated plaintiff called upon to conduct a trial faces an even greater hurdle than he does taking discovery and opposing dispositive motions. I therefore conclude that Mr. Cruz would be hampered in his ability to present his case if he is not represented by an attorney. *See Hodge*, 802 F.2d at 60-61; *see also Barrington v. City of New York*, 2011 WL 3918088, at *18 (S.D.N.Y. Aug. 26, 2011) (analyzing the *Hodge* factors and finding that appointment of counsel was appropriate because the incarcerated plaintiff had limited "ability to investigate and present the crucial facts in what appears to be a fact-intensive case. [N]ot the least of those restrictions was his inability to take depositions" of relevant persons) (quoting *Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997)).

For these reasons, plaintiff's motion for reconsideration with regard to my ruling on his motion to compel is denied. Plaintiff's application for appointment of counsel is granted. Although there is no guarantee that the Court will find a *pro bono* lawyer willing to volunteer to

4

represent him, plaintiff should cooperate with any attorney from the Court's *pro bono* panel who contacts him regarding this case.

SO ORDERED.

/s/<br>
Steven M. Gold<br>
United States Magistrate Judge

Brooklyn, New York
August 10, 2012

A copy of this Order will be mailed on this day to plaintiff at the address listed on the docket sheet.

*U:\rmk 2011-12\Cruz v Reiner\Cruz Mot for Reconsideration.docx*