UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MIGUEL CRUZ,
                        Plaintiff,

      -against-                                            ORDER
                                                                       11-CV-2131 (BMC)

JONATHAN REINER, et al.,
                        Defendants.
----------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

       The parties to this action have filed cross-motions for summary judgment. Docket Entries 150, 153. The motions are currently pending before United States District Judge Brian M. Cogan. Plaintiff Cruz, proceeding *pro se*, has recently filed two documents labeled, respectively, Motion for Summary Judgment and Amended Motion for Summary Judgment. Docket Entries 164, 165. In these documents, plaintiff raises certain discovery demands and case management issues. Because this case has been referred to me for those purposes, I address plaintiff's recent filings in this Order, at least to the extent those filings concern discovery and case management.

       As noted above, plaintiff his filed two documents: a Motion for Summary Judgment and an Amended Motion for Summary Judgment. The primary difference appears to be that the first item listed in plaintiff's amended filing is an application for discovery of two documents: a Form 983 and a Suicide Prevention Guidelines form, whereas these items are not sought by plaintiff in his original filing. This is somewhat confusing, because the documents sought in the amended filing, and described therein as documents defendants "have refused to provide," are attached as exhibits to plaintiff's amended filing. Docket Entry 165 at 12-13. I infer that plaintiff may be challenging the manner in which these documents were completed at the time they were

originally prepared, or even questioning whether they were altered or redacted prior to production. I have no basis for concluding that the documents produced were redacted or altered. Accordingly, to the extent plaintiff seeks production of the Form 983 and Suicide Prevent Guidelines Form, his application is denied because these documents have already been produced to him.

Plaintiff does identify a redacted portion of another document – one entitled "Pre-Arraignment Screening Correctional Health Services" – that is also attached to his amended motion. Docket Entry 165 at 15. Two redactions are visible on the first page of the document and one can be seen on its second page. This aspect of plaintiff's motion is granted to the extent that, by July 31, 2013, defendants shall either provide plaintiff with an unredacted copy of the document or file a letter with the Court explaining the basis for the redactions they have made.

Both in his original and amended submissions, plaintiff reiterates his previously asserted demand for defendants' disciplinary records. Defendants have repeatedly represented that their production of disciplinary records is complete. Defendants' Letter dated March 21, 2013, Docket Entry 139, at 2; Transcript of June 27, 2013, Docket Entry 159, at 3-4; Defendants' Letter dated July 1, 2013, Docket Entry 161, at 1. There is simply no basis for finding that any relevant disciplinary records remain unproduced. Accordingly, this aspect of plaintiff's motion is denied.

In his original application, plaintiff renews the demand he has made previously for production of recordings of all conference calls held in his case. I have previously denied this application, and my ruling was affirmed by United States District Judge Cogan. Docket Entries 121, 137 and 143. This aspect of plaintiff's motion is therefore denied.

Plaintiff seeks pictures of the room where he was held after he was taken into custody and before he was presented for arraignment. To the extent this is a new demand, defendants shall either produce the pictures requested or object to plaintiff's demand for them and explain the basis for their objection in a letter filed with the Court by July 31, 2013. If pictures of the areas have previously been produced, defendants shall file a letter referencing the earlier production by the same date.

In both his original and amended motions, plaintiff seeks leave to file an amended pleading adding new parties. Plaintiff made a similar application during the telephone conference held on June 27, 2013. I stated at that time that the Court would consider any motion to amend only after a ruling on the pending motions for summary judgment. Tr. at 28-29. It remains my view that the parties, and the Court, will be in a better position to consider whether amendments to the pleadings should be permitted after the dispositive motions are resolved.

The remaining arguments made in plaintiff's original and amended motions appear to be concerned with the merits of the pending summary judgment motions. That subject matter is not appropriately addressed here.

For the reasons stated above,

1) defendants shall either provide plaintiff with an unredacted copy of the "Pre-Arraignment Screening Correctional Health Services" form, or explain the basis for the redactions they have made to that form in a letter filed with the Court, by July 31, 2013;

2) defendants shall either produce the pictures of the location where plaintiff was held after he was taken into custody and before he was presented for arraignment or explain the basis for their objection to doing so in a letter filed with the Court by July 31, 2013; and

3) plaintiff's motion and amended motion, to the extent they seek relief with respect to discovery or case management, are in all other respects denied.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
July 22, 2013

A copy of this Order will be mailed on this day to plaintiff at the address listed on the docket sheet.

U:\rmk 2011-12\Cruz v Reiner\cruz 072213.docx